

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2003

# USA v. Waller

Precedential or Non-Precedential: Non-Precedential

Docket 02-1452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Waller" (2003). *2003 Decisions.* Paper 857.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/857

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-1452 & 02-1453

_____

UNITED STATES OF AMERICA
v.
KENNETH WALLER
a/k/a Waffeq X. Shabazz a/k/a Blockhead
a/k/a Fathead a/k/a Bighead

Kenneth Waller,
Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Nos. 98-cr-00105-11 & 98-cr-00325-01)
District Judge: Honorable Joseph H. Rodriguez

Submitted Under Third Circuit L.A.R. 34.1(a)
January 13, 2003

Before: SCIRICA, BARRY and SMITH, Circuit Judges

(Opinion Filed: January 28, 2003)

OPINION OF THE COURT

SMITH, Circuit Judge:

I.

This is an appeal by the defendant Kenneth Waller from a judgment in a criminal case

entered pursuant to a plea to conspiracy to distribute and to possess with intent to distribute more

than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846; and knowingly

possessing as a convicted felon a semiautomatic handgun on November 16, 1993 and June 2, 1997 in violation of 18 U.S.C. §§ 922(g)(1) and (2). As part of the plea agreement, Waller agreed to cooperate fully with the government. In exchange, the government agreed to move for a downward departure pursuant to United States Sentencing Guidelines Manual § 5K1.1 (2001) (hereinafter "U.S.S.G." or "the Guidelines") if Waller provided "substantial assistance in the investigation of one or more persons who have committed offenses." The government also stated that it "m[ight] move the sentencing judge, pursuant to 18 U.S.C. § 3553 (e), to depart from any applicable statutory minimum sentence." The applicable statutory minimum term of imprisonment for the cocaine conspiracy charge is 120 months. 21 U.S.C. § 841 (b)(1)(A)(ii)(II).

Based on Waller's offense level of 35 and a criminal history category of V, the District Court determined at sentencing that the appropriate Guidelines range was 262 to 327 months. The government moved for a downward departure under § 5K1.1 based on Waller's substantial assistance, and the District Court sentenced Waller to 160 months, departing downward by 102 months. The government did not, pursuant to 18 U.S.C. § 3553(e), move to depart downward from the applicable statutory minimum sentence.

## II.

In this appeal, Waller complains that the District Court failed to conduct a legally sufficient assessment of U.S.S.G. § 5K1.1's enumerated factors when ruling upon the government's § 5K1.1 motion. We exercise plenary review over claims of sentencing error based upon a mistake of law or an incorrect application of the sentencing guidelines. *United States v. Torres*, 251 F.3d 138, 145 (3d Cir. 2001). We find that the District Court properly indicated its consideration of § 5K1.1's enumerated factors, and we will affirm.

2

In *United States v. Torres*, we held that when considering a downward departure for substantial assistance,

> [A] sentencing court not only must conduct a qualitative, case-by-case analysis but also must examine § 5K1.1's enumerated factors. That is, when presented with a motion for downward departure a sentencing judge must, at a very minimum, indicate his or her consideration of § 5K1.1's five factors in determining whether and to what extent to grant a sentencing reduction. Further, a sentencing judge must indicate his or her consideration of any factors outside those listed in § 5K1.1.

251 F.3d at 147. Courts must consider the following five factors under § 5K1.1:

> (1)      the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> (2)      the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> (3)      the nature and extent of the defendant's assistance;
> (4)      any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance; [and]
> (5)      the timeliness of the defendant's assistance.

U.S.S.G. § 5K1.1. In *Torres*, we also "strongly urge[d]," but did not require, sentencing judges to "make specific findings regarding each factor and articulate thoroughly whether and how they used any proffered evidence to reach their decision." 251 F.3d at 147.

We are satisfied that the District Court more than met the requirements of *Torres*. The government's letter brief and the sentencing transcript demonstrate that the District Court expressly considered arguments regarding 5K1.1's enumerated factors, and that the District Court considered several non-enumerated factors. The government's letter brief properly brought the *Torres* decision to the District Court's attention, stating that:

> Consistent with the decision of *United States v. Torres*, 251 F.3d 138 (3d Cir. 2001), in ruling on the Government's motion for a downward departure under Section 5K1.1, the Court must conduct "a qualitative, case by case analysis [and] also . . . examine Section 5K1.1's enumerated factors" as well as any other factor the

3

Court deems relevant.

In addition, the government presented arguments concerning each of the § 5K1.1 factors in both its letter brief and at sentencing. Defense counsel provided additional evidence regarding Waller's assistance pursuant to the five factors.

After hearing the arguments of the parties, the District Court indicated on the record that it recognized its duty to consider § 5K1.1's five enumerated factors. The Court stated that "in considering the cooperation [of the defendant] under 5K1.1, the Court has to review certain relevant factors; the nature and extent of the assistance given by the defendant." The District Court then explicitly discussed each of the five factors, and how the defendant's conduct was relevant to each factor. We conclude that the Court satisfied its duty "to indicate [its] consideration" of the 5K1.1 factors.

The Court also clearly stated on the record that it had considered the following non-enumerated factors: the seriousness of the drug conspiracy, the firearms offenses that Waller committed separately from his co-defendants, and the relative responsibility of the various defendants involved in the drug conspiracy. Accordingly, the District Court properly indicated its consideration of § 5K1.1's enumerated and non-enumerated factors under *Torres*.

We turn briefly to the defendant's argument that the District Court did not conduct an individualized, qualitative analysis in sentencing the defendant by failing to ask the government why it did not file a motion to depart below the statutory mandatory minimum pursuant to 18 U.S.C. § 3553(e). This argument lacks merit. The defendant conceded that the plea agreement gave the government sole discretion to decide whether to move pursuant to § 3553(e). The District Court had no duty to question the government on why it chose not to exercise its

4

discretion to file such a motion. The government's recommended sentence of 168 months represented a *substantial* departure, but did not come close to falling below the statutory minimum of 120 months. Even Waller himself did not ask for a sentence below the mandatory minimum. Hence, the government is correct that the question of whether to impose a sentence below the statutory mandatory minimum was not at issue.

The judgment of the District Court will be AFFIRMED.

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/ D. Brooks Smith
Circuit Judge